IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DAVE GRANT,** | : | **MOTION TO VACATE** |
| **BOP Reg. # 62739-019,** | : | **28 U.S.C. § 2255** |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:10-CR-521-TCB-AJB-10** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:13-CV-586-TCB-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S
<u>FINAL REPORT AND RECOMMENDATION</u>**

Movant, Dave Grant, confined in the D. Ray James Correctional Institution in Folkston, Georgia, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in criminal action number 1:10-cr-521-TCB-AJB-10. [Doc. 718.] On April 12, 2013, the undersigned ordered Movant to show cause, within thirty (30) days, why his § 2255 motion should not be dismissed as untimely pursuant to 28 U.S.C. § 2255(f). [Doc. 728 at 1.] Movant did not respond.

The matter is before the Court for a preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4(b), Rules Governing § 2255 Proceedings for the United States District Courts.

AO 72A
(Rev.8/82)

**I.      Discussion**

The record shows that Movant's criminal judgment and commitment order was entered on July 21, 2011. [Doc. 369.] Movant did not appeal. Therefore, Movant's convictions became final on August 4, 2011, when the time to file a direct appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i). The one-year statute of limitations applicable to § 2255 motions, as provided in § 2255(f)(1), expired on August 4, 2012.[1]

It appears that Movant did not date his § 2255 motion, which was postmarked on February 19, 2013. [Doc. 718 at 3.] Movant has not shown that he delivered his § 2255 motion to prison officials for mailing by August 4, 2012. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) (holding that "prisoner's *pro se* § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing"). Movant has also not presented anything to (1) justify equitable tolling[2] or (2) demonstrate actual innocence.[3] Therefore, the District Court

---

[1]      The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted). Additionally, there is no claim in this case that the circumstances set forth in 28 U.S.C. § 2255(f)(2)-(4) apply.

[2]      "Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)

2

should dismiss the § 2255 motion as untimely.[4]

## II.  Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion]

---

(per curiam).

[3]  "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

[4]  Movant refers to his § 2255 motion as a "motion for time reduction." [Doc. 718 at 1.]  The Court should not consider the motion under 18 U.S.C. § 3582(c)(2) because Movant does not claim that any recent amendments to the United States Sentencing Guidelines reduce his sentencing range.

3

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct a sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that the § 2255 motion is untimely. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts.

### III.   Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that: (1) the motion to vacate, set aside, or correct sentence, [Doc. 718], be **DISMISSED** as untimely; (2) a COA be **DENIED**; and

AO 72A
(Rev.8/82)

(3) civil action number 1:13-cv-586-TCB-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  5th  day of February, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

5